

# SEALED

Office of the United States Attorney
District of Nevada
501 Las Vegas Blvd., South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

STEVEN W. MYHRE
Acting United States Attorney
CHAD W. MCHENRY
Assistant United States Attorney
501 Las Vegas Blvd., Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6418
Chad.W.McHenry@usdoj.gov

___ FILED          ___ RECEIVED
___ ENTERED          ___ SERVED ON
            COUNSEL/PARTIES OF RECORD

APR 2 5 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | **SEALED**<br>**CRIMINAL INDICTMENT** |
| Plaintiff | 2:17-cr- *130* |
| vs. | **VIOLATIONS:** |
| BOB EDWARD HOLMES, JR., | 18 U.S.C. § 1030(a)(4) – Unauthorized Computer Access in Furtherance of Fraud |
| Defendant | 18 U.S.C. § 1343 – Wire Fraud |
| | 18 U.S.C. § 1344 – Bank Fraud |
| | 18 U.S.C. §§ 1028A – Aggravated Identity Theft |

**THE GRAND JURY CHARGES THAT:**

*Introduction*

1. From in or about October 2012 through in or about December 2012, **BOB EDWARD HOLMES, JR.,** the defendant, engaged in a scheme to profit from stolen personally-identifying information ("PII").

1

a. During a brief period in late 2006 and early 2007, **HOLMES** was employed by a Nevada mortgage company, Equity Direct Funding ("Equity Direct").

b. Equity Direct solicited PII from customers during the loan application process, and invited them to submit various documents containing their PII to a fax number controlled by the company and used specifically for that purpose.

c. This fax number was hosted by a service called MaxEmail.com, which converted any faxes received into documents that were stored electronically in an email account. Employees from the company could then access and download those documents.

d. To facilitate this access, an Equity Direct administrator created MaxEmail.com logins for Equity Direct employees.

e. **HOLMES** left employment with Equity Direct in 2007. As a result of this change in employment status, his MaxEmail.com access with the company was terminated.

f. In 2012, **HOLMES** was able to guess the MaxEmail.com credentials of a then-current employee of the company using his familiarity with their system.

g. **HOLMES** used this login to access the employee's MaxEmail account, and copied down a large amount of PII belonging to then-existing customers of the company.

h. During the period of October 2012 through December 2012, **HOLMES** used the stolen PII to open bank accounts in the customers' names. He then wrote checks on the accounts for more than their balance, and deposited those checks into secondary accounts he opened in other customers' names. Once he "funded" the secondary accounts in this manner, he withdrew the funds in cash using ATMs.

i.  Once the financial institution discovered the deposits were fraudulent, it reversed the transactions, leaving the secondary accounts with a negative balance.

j.  In one case, **HOLMES** used the PII to transfer funds directly from a customer's Chase bank account into an American Express account under his control.

## COUNT ONE
(Accessing a Protected Computer in Furtherance of Fraud)

2.  Paragraph 1 is realleged and incorporated herein.

3.  From on or about October 1, 2012, to on or about December 31, 2012, within the State and Federal District of Nevada and elsewhere,

### BOB EDWARD HOLMES, JR.,

the defendant herein, did knowingly and with intent to defraud access a protected computer without authorization, and by means of such conduct furthered the intended fraud and obtained something of value, specifically, the personally-identifying information of other individuals, in violation of 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A), and the offense occurred after a conviction for another offense under 18 U.S.C. § 1030, in violation of 18 U.S.C. §§ 1030(a)(4) and (c)(3)(B).

## COUNTS TWO THROUGH FIVE
(Wire Fraud)

4.  Paragraphs 1 and 2 are realleged and incorporated herein.

5.  From on or about October 25, 2012, to on or about December 10, 2012, within the State and Federal District of Nevada and elsewhere,

### BOB EDWARD HOLMES, JR.,

the defendant herein, did devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises.

6. It was part of the scheme that **HOLMES** engaged in the scheme set forth in paragraphs 1 and 2 above.

7. As part of that scheme, **HOLMES** engaged in the specific acts set forth below:

**Victim P.M.:**

    a. **HOLMES** obtained the card number, expiration, and card verification value ("CVV") of a Chase debit card (*9442) belonging to P.M. in the cache of stolen PII. Using this information, he transferred funds from the victim's Chase checking account (*6117) to his personal American Express Serve account. To transfer the funds, he falsely represented to American Express that he was authorized to withdraw funds from the Chase account via the Chase debit card.

**Victims J.J., M.H., J.F.:**

    b. Using PII obtained from MaxEmail.com, **HOLMES** fraudulently opened checking accounts in the names of victims at different institutions, as detailed below, falsely representing in each case that he was the victim and was authorized to open the account. Specifically:

| Institution and Last Four of Account No. | Victim |
|---|---|
| Navy Federal Credit Union (*4240) | J.J. |
| Navy Federal Credit Union (*6752) | M.H. |
| E*TRADE (*4442) | J.F. |

*The Charged Counts*

8. On or about each of the dates set forth below, in the State and Federal District of Nevada and elsewhere,

### BOB EDWARD HOLMES, JR.,

the defendant herein, for the purpose of executing the scheme described above, and attempting to do so, did cause to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, with each transmission constituting a separate violation of 18 U.S.C. § 1343:

| COUNT | DATE | Description and Account No. |
|---|---|---|
| 2 | October 25, 2012 | Transmission of P.M.'s debit card information to American Express in order to transfer funds from P.M.'s Chase bank account (*6117) to **HOLMES'** American Express account. |
| 3 | November 12, 2012 | Transmission of J.J.'s PII to NFCU in order to open a bank account in her name. (*4240) |
| 4 | November 30, 2012 | Transmission of M.H.'s PII to NFCU in order to open a bank account in his name. (*6752) |
| 5 | December 10, 2012 | Transmission of J.F.'s PII to E*TRADE in order to open a checking account in his name. (*4442) |

9. The activities in Counts 2, 3, and 4 affected a financial institution.

### COUNTS SIX THROUGH NINE
(Bank Fraud)

10. Paragraphs 1, 2, 3, 5, 6, and 7 are realleged and incorporated herein.

11. From on or about November 14, 2012, to on or about December 17, 2012, within the State and Federal District of Nevada and elsewhere,

**BOB EDWARD HOLMES, JR.,**

the defendant herein, did knowingly devise a scheme and artifice to defraud Navy Federal Credit Union ("NFCU"), a federally insured financial institution, and to obtain the monies, funds, and other property owned by and under the control of the financial institution by means of material false and fraudulent pretenses, representations, and promises.

12. It was part of the scheme that:

    a. **HOLMES** deposited two checks drawn on another fraudulent account under his control into the *4240 NFCU account he had opened in Count 3 above, and withdrew the resulting balance in cash from an ATM before the deposits could be reversed.

    b. Using his personal computer, **HOLMES** generated a fraudulent check drawn on the *4442 E*TRADE account he had opened in Count 5 above, then deposited that check into the *6752 NFCU account he had opened in Count 4 above, and withdrew the resulting balance in cash from an ATM before the deposit could be reversed.

    c. Using the Chase checking account number and PII belonging to P.M., **HOLMES** created a fraudulent check drawn on that account with his personal computer, then deposited that check into the *6752 NFCU account he had opened in Count 4 above, and withdrew the resulting balance from an ATM in cash before the deposit could be reversed.

13. By depositing the fraudulent checks, **HOLMES** made materially false and fraudulent representations that the checks were legitimate. The financial institution relied upon these false and fraudulent representations in permitting him to withdraw the resulting account balance in cash.

*The Charged Counts*

14. On or about each of the dates set forth below, in the State and Federal District of Nevada and elsewhere,

**BOB EDWARD HOLMES, JR.,**

the defendant herein, by withdrawing funds generated by the deposit of fraudulent checks as described below, did knowingly execute a scheme and artifice to defraud by means of material false and fraudulent pretenses, representations, and promises, with each execution representing a separate violation of 18 U.S.C. § 1344(1) and (2):

| COUNT | DATE | Description |
|---|---|---|
| 6 | November 14, 2012 | Withdrew funds from a fraudulent check, no. 100, deposited into NFCU account ending in *4240. |
| 7 | November 20, 2012 | Withdrew funds from a fraudulent check, no. 114, deposited into NFCU account ending in *4240. |
| 8 | December 14, 2012 | Withdrew funds from a fraudulent check, no. 103, deposited into NFCU account ending in *6752. |
| 9 | December 17, 2012 | Withdrew funds from a fraudulent check, no. 104, deposited into NFCU account ending in *6752. |

**COUNTS TEN THROUGH THIRTEEN**
(Aggravated Identity Theft)

7

15. Paragraphs 1, 2, 3, 5, 6, 7, 11, 12, 13, and 14 are realleged and incorporated herein.

16. On or about each of the dates set forth below,

### BOB EDWARD HOLMES, JR.,

the defendant herein, without lawful authority, did knowingly possess and use a means of identification of another person, as outlined below, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A, to wit: wire fraud in violation of 18 U.S.C. § 1343, which is hereby incorporated by reference as though fully stated herein, with each possession and use during and in relation to a felony violation constituting a separate violation of 18 U.S.C. § 1028A:

| COUNT | DATE | Predicate Count | Means of Identification |
|-------|------|-----------------|-------------------------|
| 10 | 10/25/2012 | 2 | P.M.'s Chase debit card number (*9442) |
| 11 | 11/12/2012 | 3 | J.J.'s Social Security number |
| 12 | 11/30/2012 | 4 | M.H.'s Social Security number |
| 13 | 12/10/2012 | 5 | J.F.'s Social Security number |

### FORFEITURE ALLEGATION ONE
(Accessing a Protected Computer in Furtherance of Fraud; Wire Fraud; and Bank Fraud)

1. The allegations contained in Counts One through Thirteen of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c).

2. Upon conviction of any of the felony offenses charged in Counts One through Thirteen of this Criminal Indictment,

### BOB EDWARD HOLMES, JR.,

the defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to

violations of Title 18, United States Code, Sections 1030 and 1344, or a conspiracy to commit such offenses:

violations of Title 18, United States Code, Section 1030, a specified unlawful activity as defined in Title 18, United States Code, Section 1956(c)(7)(D), or a conspiracy to commit such offense:

violations of Title 18, United States Code, Sections 1028A with 1028A(c)(5), 1343, and 1344, specified unlawful activities as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses:

an in personam criminal forfeiture money judgment including, but not limited to, at least $19,366 (property).

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant -

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the in personam criminal forfeiture money judgment including, but not limited to, at least $19,366.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 1030, 1028A with 1028A(c)(5), 1343, and 1344; and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION TWO
(Accessing a Protected Computer in Furtherance of Fraud)

1.  The allegations contained in Count One of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(B) and Title 18, United States Code, Section 1030(i)(1)(B).

2.  Upon conviction of the felony offense charged in Count One of this Criminal Indictment,

### BOB EDWARD HOLMES, JR.,

the defendant herein, shall forfeit to the United States of America

any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of Title 18, United States Code, Section 1030(a)(4), or a conspiracy to violate such offense:

any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of violations of Title 18, United States Code, Section

1030(a)(4), or of a conspiracy to violate: an in personam criminal forfeiture money judgment including, but not limited to, at least $19,366 (property).

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(B) and Title 18, United States Code, Section 1030(i)(1)(B), as a result of any act or omission of the defendant –

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty

   it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the in personam criminal forfeiture money judgment including, but not limited to, at least $19,366.

   All pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i)(1)(B); Title 18, United States Code, Section 1030(a)(4); and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION THREE
### (Wire Fraud and Bank Fraud)

1. The allegations contained in Counts Two through Thirteen of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

11

2. Upon conviction of any of the felony offenses charged in Counts Two through Thirteen of this Criminal Indictment,

**BOB EDWARD HOLMES, JR.,**

the defendant herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of Title 18, United States Code, Sections 1028A with 1028A(c)(5), 1343, and 1344, affecting a financial institution, or a conspiracy to violate such offenses, an in personam criminal forfeiture money judgment including, but not limited to, at least $19,366 (property).

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendant -

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the in personam criminal forfeiture money judgment including, but not limited to, at least $19,366.

All pursuant to Title 18, United States Code, Section 982(a)(2)(A); Title 18, United States Code, Sections 1028A with 1028A(c)(5), 1343, and 1344; and Title 21, United States Code, Section 853(p).

DATED: this 25th day of April, 2017.

A TRUE BILL:

/S/
FOREPERSON OF THE GRAND JURY

STEVEN W. MYHRE
Acting United States Attorney

CHAD W. MCHENRY
Assistant United States Attorney

13